IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TROY CRAWFORD, #01891900, | § | |
| PETITIONER, | § | |
| | § | |
| V. | § | CASE NO. 3:18-CV-1486-B-BK |
| | § | |
| LORIE DAVIS, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, CORRECTIONAL | § | |
| INSTITUTIONS DIVISION DIV., | § | |
| RESPONDENT. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, the petition for writ of habeas corpus under 28 U.S.C. § 2254, was referred to the United States magistrate judge for findings and a recommended disposition. Upon review of the relevant pleadings and applicable law, the habeas petition should be **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.

I.   **BACKGROUND**

A jury found Petitioner Troy Crawford guilty of "burglary of a habitation, committing assault causing bodily injury," and assessed his punishment at 12 years' imprisonment. *State v. Crawford*, No. F12-59387-T (283th Judicial District Court, Dallas Cty., Apr. 13, 2012), *aff'd*, No. 05-13-01494-CR, 2015 WL 1243408 (Tex. App.—Dallas Mar. 16, 2015, no pet.). The

Texas Court of Criminal Appeals subsequently denied state habeas relief. *Ex parte Crawford*, No. WR-87,808-01 (Tex. Crim. App. April 4, 2018) (denying application).[1]

On June 8, 2018, Crawford filed this *pro se* federal habeas petition, challenging his conviction, underlying arrest, competency to stand trial and prior convictions, as well as the denial of parole. Crawford also alleges insufficient evidence, ineffective assistance of counsel and prosecutorial misconduct, and claims his actual innocence. Doc. 2; Doc. 6 at 6-11. As the petition appeared untimely, the Court directed Crawford to respond regarding the application of the one-year limitations period, which he has now done. Doc. 7; Doc. 8. Crawford also seeks the appointment of counsel, claiming that he is "a physically and mentally, psychological [sic] retarded handicap [sic] inmate." Doc. 10 at 1. However, because the petition was filed well beyond the expiration of the one-year limitations period and neither equitable tolling nor the actual innocence exception are applicable, his petition should be dismissed as time barred.

## II.   ANALYSIS

### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief, which the Court may consider *sua sponte* after providing notice and an opportunity to respond. *See* 28 U.S.C. § 2244(d); *Day v. McDonough*, 547 U.S. 198, 209-10 (2006). Crawford does not allege any facts that could trigger a starting date under Sections 2254(d)(1)(B)-(D), so the one-year limitations period began to run from the date his judgment of conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A) (a state prisoner ordinarily has one year to file a federal habeas petition, starting

---

[1] The online docket sheet is available at http://search.txcourts.gov/Case.aspx?cn=WR-87,808-01&coa=coscca (last visited Dec. 27, 2018).

from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review").

Because Crawford did not file a petition for discretionary review (PDR), his conviction became final on April 15, 2015 – 30 days after the state court of appeals affirmed his judgment of conviction on March 16, 2015. *See* TEX. R. APP. Proc. 68.2(a) (PDR must be filed within 30 days of either the date on which the judgment is affirmed, or the last timely motion for rehearing is overruled by the court of appeals). The limitations period expired one year later, on April 15, 2016. And because Crawford did not file his state application until October 10, 2017, almost 18 months after the limitations period expired, he is not entitled to statutory tolling.[2] *See* 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Consequently, the federal petition is outside the one-year period under Section 2254(d)(1)(A) absent equitable tolling.

**B. Equitable Tolling and Mental Illness**

Crawford's filings, even when liberally construed in light of his *pro se* status, do not present due diligence and "rare and exceptional circumstances" warranting equitable tolling. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" (quotations and quoted case omitted)). Unexplained delays do not evince due diligence or rare and extraordinary

---

[2]The state application was signed on October 10, 2017 and filed on October 23, 2017. *See Richards v. Thaler*, 710 F.3d 573, 579 (5th Cir. 2013) (extending prison mailbox rule to state habeas application). An electronic copy of the application is available on the docket sheet at http://courtecom.dallascounty.org/publicaccess/ (last accessed Nov. 20, 2018) (Case No. W1259387A).

circumstances. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (noting "equity is not intended for those who sleep on their rights" (quotation and quoted case omitted)).

Furthermore, this is not a case in which Crawford pursued "the process with diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (per curiam). As previously noted, he squandered the entire one-year period, waiting more than two years from the date his conviction became final to file his state habeas application. Moreover, his *pro se* status, unfamiliarity with the law, and limited education do not suffice as a basis for equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim"); *Turner v. Johnson*, 177 F.3d 390, 391-392 (5th Cir. 1999) (per curiam) (finding that "neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling"); *Woods v. Stephens*, No. 3:15-CV-1889-G-BK, 2015 WL 9595387, at *3 (N.D. Tex. Dec. 10, 2015), recommendation accepted, 2016 WL 51259 (N.D. Tex. Jan. 4, 2016) (concluding limited education is not a basis for equitable tolling).

Crawford asserts that he has suffered from mental health issues throughout his life. He contends he (1) "is mentally retarded since birth, (2) "barely can read and write," (3) is "forced to rely on any others for assistance, on whatever unit he is on," and (4) "is constantly in and out of the Mental Hospital Unit." Doc. 8 at 1; *see also* Doc. 6 at 6 (alleging that he has "been MHMR all his life" and "[t]he State had him locked up, prior to this case for not taking his meds"). While mental illness may support equitable tolling of the limitations period, *see Fisher*, 174 F.3d at 715, it does not do so as a matter of course and the petitioner still bears the burden of proving rare and exceptional circumstances. *Smith v. Kelly*, 301 Fed. Appx. 375, 378 (5th Cir. 2008) (per curiam). Moreover, unsupported, conclusory assertions of mental illness are

insufficient to support equitable tolling. *Id.* The mental illness must render the petitioner "unable to pursue his legal rights during" the relevant time period. *Id.; see also Hulsey v. Thaler*, 421 Fed. Appx. 386, 391 (5th Cir. 2011) (per curiam) (affirming district court's refusal to equitably toll limitations period based on petitioner's mental condition, where petitioner was stable and capable of filing his petition for a period that lasted over one year).

Here, as in *Smith*, Crawford has submitted nothing to demonstrate that, during the one-year period, he suffered from a mental illness that prevented him from pursing his legal rights. Even assuming Crawford suffered from a mental health condition during the one-year period, there is nothing in the record, apart from his self-serving assertions, to suggest that his condition rendered him unable to pursue his legal rights, namely timely filing his Section 2254 petition. *See Adams v. Stephens*, No. 3:14-CV-1276-D-BK, 2014 WL 3778161, at *3 (N.D. Tex. July 31, 2014) (rejecting equitable tolling because nothing in the record suggested that the petitioner's mental health issues prevented him from seeking habeas relief during the one-year limitations period); *Lara v. Thaler*, No. 3:12-CV-4277-N-BK, 2013 WL 2317063 *3 (N.D. Tex. 2013) (declining equitable tolling because the records petitioner submitted did not establish that his depression or depressive disorder prevented him from timely filing his federal petition); *Wilson v. Quarterman*, No. 3:08-CV-1339-M, 2008 WL 5350303 *3-4 (N.D. Tex. 2008) (declining equitable tolling because petitioner's vague, unsupported, self-serving allegations were insufficient to show he was incompetent to pursue his legal rights during the limitations period).

Consequently, Crawford has not met his burden to establish that equitable tolling is warranted in this case. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (per curiam) (party seeking equitable tolling has burden of showing entitlement to such tolling).

### C. Actual Innocence

Crawford also purports to raise a claim of actual innocence. However, his bare assertions are unavailing. While a claim of actual innocence may provide "a gateway through which a petitioner may pass" when the limitations period has elapsed, "tenable actual-innocence gateway pleas are rare." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). A gateway actual innocence claim is available only when a movant presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401 (quotations and quoted case omitted). To meet the threshold requirement, a petitioner must present new evidence in support of his claim and "'show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id.* at 399 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Crawford's actual innocence claim is conclusory. He alleges neither specific facts nor newly discovered evidence that would undermine this Court's confidence in the jury's guilty verdict. Doc. 6 at 6; Doc. 8 at 4. *See Perkins*, 569 U.S. at 386 (concluding that a petitioner presents a credible claim of actual innocence by producing new evidence that is sufficient to persuade the court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt'" (quoting *Schlup*, 513 U.S. at 329)). Instead, Crawford purports to challenge only the sufficiency of the evidence, just as in his state habeas application and memorandum in support. He references "a Statement of Facts," allegedly filed with his state writ, which he contends show "no burglary took place, no crime . . . no offense . . . no elements." Doc. 8 at 4. Even when liberally construed, however, Crawford's argument is not supported by new reliable evidence that was not presented at trial. *See Hancock v. Davis*, 906 F.3d 387, 390 (5th Cir.

2018) ("Evidence does not qualify as 'new' under the *Schlup* actual-innocence standard if 'it was always within the reach of [petitioner's] personal knowledge or reasonable investigation.'"); *Floyd v. Vannoy*, 894 F.3d 143, 156 (5th Cir. 2018) (finding information that "was not presented at trial, and remained unknown to the prosecution, defense, and trial judge throughout the trial . . . [was] 'new' evidence"). Consequently, Crawford's conclusory assertion that he is innocent does not come close to satisfying the rigorous *Schlup* standard. *See Cannon v. McCain*, 2017 WL 4570498, at *1 (5th Cir. July 6, 2017) (denying certificate of appealability because claim of actual innocence was conclusory and not supported by any new, reliable evidence). Thus, his actual innocence claim fails.

### III.  CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus should be **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations. See 28 U.S.C. § 2244(d)(1).

**SO RECOMMENDED**, December 27, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).